IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY L. MARBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-00221-KD-N |
| ) | |
| OFFICER WILLIE WRIGHT, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Anthony L. Marbury filed a complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983, while housed at Mobile Community Work Center. (Doc. 1). Subsequent to Plaintiff's initiation of this action, he has failed to prosecute it. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I.    Background.**

On July 1, 2024, the Court docketed Plaintiff's complaint. (Doc. 1). Review of the complaint revealed that it was not filed on the form required by this Court for prisoner actions under § 1983 nor did Plaintiff pay the statutory filing fee of $405 or file a motion to proceed without the prepayment of fees at the time he initiated this action. For these reasons, on July 8, 2024, the Court ordered him to re-file his complaint and to pay the required filing fee or submit a motion to proceed without the prepayment of fees by August 12, 2024. (*See* Doc. 3). Plaintiff was also cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 1).

The order was mailed to Plaintiff and, to date, has not been returned as undeliverable.

As of September 10, 2024, Plaintiff had not complied with the undersigned's order, nor had he filed anything further with the Court. Based on an independent internet search of the Alabama Department of Corrections (ADOC) website, it appeared that Plaintiff had been transferred from Mobile Community Work Center to Fountain Correctional Center. However, Plaintiff has failed to communicate this to the Court or notifiy the Court of the change of address. In case Plaintiff's noncompliance with the Court's order had been due to the facility transfer, over which Plaintiff had no control, the Court issued an order for Plaintiff to show cause by October 10, 2024, why his case should not be dismissed for failure to prosecute and comply with the Court's order under Rule 41(b). This order was sent to Plaintiff at Fountain Correctional Facility (Fountain).

To date, the Court's order has not been returned as undeliverable and according to the ADOC website, Plaintiff is still incarcerated at Fountain.[1] Notably, the Court has received no correspondence or communication from Plaintiff since he initially filed his complaint in July of 2024.

**II.   Dismissal.**

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's complaint was filed on an

---

[1] *See* https://doc.alabama.gov/InmateHistory (last visited 10/18/2024).

improper form and without the required filing fee and/or motion to proceed without prepayment of the filing fee. He was ordered to cure these deficiencies but did not. He was further ordered to show cause why his action should not be dismissed for failing to comply with the Court's order. He was ordered to do so by October 10, 2024. To date, the Court has not received any filing or correspondence from him. Plaintiff's deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III.   Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. Plaintiff is reminded that in any subsequent cases filed in this Court, Plaintiff must comply with all Court orders, including following set deadlines and updating the Court as to his location.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See*

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **21st** day of **October 2024**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**